NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7173

BLOYCE F. SHANKLIN,

Claimant-Appellant,

v.

Gordon H. Mansfield, Acting Secretary of Veterans Affairs,

Respondent-Appellee.

Bloyce F. Shanklin, of Cooper, Texas, pro se.

Robert Bigler, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were Peter D. Keisler, Acting Attorney General; Jeanne E. Davidson, Director; and Bryant G. Snee, Deputy Director. Of counsel on the brief were David J. Barrans, Deputy Assistant General Counsel, and Michael G. Daugherty, Attorney, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Donald L. Ivers

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7173

BLOYCE F. SHANKLIN,

Claimant-Appellant,

v.

R. JAMES NICHOLSON,
Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED: October 3, 2007

_____

Before BRYSON, <u>Circuit Judge</u>, CLEVENGER, <u>Senior Circuit Judge</u>, and MOORE, <u>Circuit Judge</u>.

PER CURIAM.

Appellant Bloyce F. Shanklin appeals a decision by the United States Court of Appeals for Veterans Claims ("CAVC") affirming a refusal by the Board of Veterans Affairs ("Board") to reopen his previously-denied claims for service connection. We <u>dismiss</u>.

I

Bloyce F. Shanklin is a veteran who was on active duty from June 1959 until May 1960. Since at least 1979, Mr. Shanklin has been pursuing a claim for service connection related to head and knee injuries he sustained in 1959. And since the mid-1990s, Mr. Shanklin has also been pursuing a claim for service connection for neck and

spine problems. The Department of Veterans Affairs ("VA") Regional Office ("RO") has consistently denied Mr. Shanklin's claims in spite of his repeated attempts to reopen those claims on the basis of new and material evidence.

The present appeal arises from requests by Mr. Shanklin in November 1995 and October 2000 to reopen his claims related to his spine, neck, and knee problems. The RO denied the first request in August 1996 and denied the second request in February 2002, each on the basis that Mr. Shanklin had not submitted any new and material evidence. Mr. Shanklin appealed both denials to the Board. The claims were subsequently remanded in June 2004 to the RO to ensure compliance with the notice provisions of the Veterans Claims Assistance Act of 2000 ("VCAA"), Pub. L. No. 106-475, 114 Stat. 2096. In March 2005, the RO sent Mr. Shanklin a letter to that end.

In June 2005, and apparently before the RO issued any post-March 2005 decision on the remanded claims, the Board determined that any new evidence submitted by Mr. Shanklin was not sufficiently material to justify reopening his claims. In so doing, the Board concluded that although the March 2005 letter was sent after (rather than before) the RO's denials in 1996 and 2002, any resultant legal error was harmless:

> The Board . . . finds that all necessary development has been accomplished. The RO has made reasonable and appropriate efforts to assist the appellant in obtaining the evidence necessary to substantiate his claims, including VA treatment records. The appellant has also been afforded the benefit of VA examinations during the appeal period, the veteran was provided with the opportunity to attend hearings. The veteran attended a Decision Review Officer (DRO) hearing in March 1997. The appellant has not indicated, and there is otherwise no indication that there exists, any pertinent outstanding evidence that is necessary for a fair adjudication of the claims that has not been obtained.

On appeal to the CAVC, the Board's decision was affirmed. Mr. Shanklin now appeals to this court.

                                            II

This court's jurisdiction to hear appeals from the CAVC is limited by statute. Our review is strictly limited to questions of law; we have no power to review "(A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292. Mr. Shanklin makes several arguments, each of which we discuss below.

Mr. Shanklin first argues that he was denied due process and equal protection of the law because the CAVC—knowing that he was in the hospital on March 20, 1979, and that he was scheduled for monthly exams and treatments thereafter—concluded that he did not timely appeal rating decisions in 1979, 1988, 1995. We fail to see how his intermittent hospitalization or monthly exams and treatments would have prevented him from filing an informal appeal to the Board. Therefore, these arguments must be rejected.

Mr. Shanklin also makes several related assertions of error: (1) "CAVC actions failed to afford appellant mutual professional respect as to validity of benefit of doubt argument based on [the Board's] inability to point to veteran service medical records between June, 1959 to May, 1960 to decide merits of the case"; (2) "CAVC decision failed to equally weigh appellant's evidentiary arguments in the same light as opposing party"; (3) "CAVC actions failed to equally comply with procedural requirements in deciding if a fact issue existed"; and (4) "CAVC decision prejudicially failed to afford appellant procedural protection under 2000 VCAA requirements for claims previously

denied prior to November 9, 2000 as not well grounded, and failed to identify what information or evidence RO would obtain, has obtained, failed to obtain, or notified appellant to obtain after RO failure to obtain." We understand each of these alleged errors to be challenges to the CAVC's application of law to fact, which, of course, we do not have jurisdiction to review. Therefore, these arguments must be rejected as well.

The only other arguments by Mr. Shanklin are raised for the first time in his reply brief. While we do not normally consider such arguments, we are satisfied that Mr. Shanklin continues to challenge matters beyond our jurisdiction.

## III

For the reasons stated, we dismiss the appeal.

## COSTS

No costs.